UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:12-CV-00034-JHM

BARBARA JEAN BOWERS, M.D.                                                    PLAINTIFF

V.

THE OPHTHALMOLOGY GROUP, LLP                                       DEFENDANT
                                                                                       COUNTER-CLAIMANT

V.

BARBARA JEAN BOWERS, M.D.                                       COUNTER-DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Summary Judgment Motion [DN 62] of Defendant, the Ophthalmology Group, LLP ("Ophthalmology Group"). Fully briefed, this matter is ripe for decision. For the following reasons, Ophthalmology Group's motion [DN 62] is **GRANTED**.

## I. BACKGROUND

The Plaintiff, Barbara Jean Bowers ("Dr. Bowers"), is an ophthalmologist in Paducah, Kentucky. On April 23, 2012, she filed this suit against Ophthalmology Group, alleging gender discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Kentucky Civil Rights Act, K.R.S. § 344.010. Ophthalmology Group retained the law firm of McMurry & Livingston PLLC ("M&L") to represent it in this matter.

On May 7, 2012, M&L moved for summary judgment on behalf of Ophthalmology Group, attaching to its motion evidence which was generated in a bankruptcy case between Ophthalmology Group and Dr. Bowers. (Def.'s Mot. to Dismiss 1st Am. Compl. [DN 18].) Dr. Bowers moved to disqualify Ophthalmology Group's attorney at M&L, on the grounds that another M&L attorney previously represented Dr. Bowers in a "substantially related" matter. (See Mot. to Disqualify Kerry D. Smith & McMurry Livingston PLLC [DN 24].) On August 22,

1

2012, this Court granted Ophthalmology Group's summary judgment motion, finding that Dr. Bowers, as a former partner of Ophthalmology Group, was not an "employee" under Title VII. This Court declined to exercise supplemental jurisdiction over Dr. Bowers's state-law claims, dismissing them without prejudice, and denied Dr. Bowers's motion to disqualify M&L as moot. (See Mem. Op. & Order [DN 22] 4-11.)

Dr. Bowers appealed these decisions, asking the Sixth Circuit to disqualify M&L on the appeal. The Sixth Circuit held that M&L's prior representation of Dr. Bowers was "substantially related" to this case, such that M&L should have been disqualified. (6th Cir. Op. [DN 48] 2.) The Sixth Circuit vacated this Court's grant of summary judgment and remanded the case with instructions to disqualify M&L on remand. (See id.) Thereafter, the law firm of Boehl, Stopher & Graves, LLP was substituted as counsel for Ophthalmology Group. (See Stip. & Ag. Order Substituting Counsel [DN 50].) Boehl, Stopher & Graves, LLP has now moved for summary judgment on behalf of Ophthalmology Group, arguing that Dr. Bowers, as a former partner of Ophthalmology Group, was not an "employee" under Title VII. Boehl, Stopher & Graves, LLP asks this Court to thus dismiss Dr. Bowers's federal claims and decline to exercise supplemental jurisdiction over her state-law claims. Boehl, Stopher & Graves, LLP relies on the evidence which was generated in the bankruptcy case between Ophthalmology Group and Dr. Bowers. (See Ophthalmology Grp., LLP's Mot. for Summ. J. [DN 62-1] 1.)

## II. DISCUSSION

Before the Court may grant a summary judgment motion, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the

moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

In this case, based on the reasons set forth in this Court's prior Memorandum Opinion and Order [DN 41], the Court finds that as a matter of law, Dr. Bowers was a partner, and not an "employee" under Title VII, in Ophthalmology Group. Therefore, Dr. Bowers is not entitled to bring her federal claims. Ophthalmology Group's motion [DN 62] is **GRANTED** in this respect.

The Court notes that Dr. Bowers spends much time in her response brief highlighting that Ophthalmology Group has filed this motion despite the fact that "not a single piece of new discovery ha[s] changed hands." (See Pl.'s Resp. to Def.'s Mot. for Summ. J. [DN 72] 5.) Dr. Bowers argues that Ophthalmology Group is "asking this Court to grant summary judgment based upon the tainted evidence generated by M&L . . . ." (Id.) According to Dr. Bowers, the previous court record is "touched by the taint of M&L's conflict," and the only way to "wash clean from the record the taint of disqualified counsel's conflict of interest" is to "allow[] the full disclosure and open airing of all admissible evidence available to be discovered in accordance

3

with the agreed scheduling order . . . ." (Id. at 5, 6.) Dr. Bowers states that the "dose of taint contained within the record must be diluted with copious amounts of discovery . . . ." (Id. at 6.)

However, Dr. Bowers has not pointed to any specific piece of evidence replied upon by Ophthalmology Group and explained **how** it was tainted by M&L. In fact, while Dr. Bowers broadly argues that M&L left a taint in the record, she herself disclosed in her initial disclosures that she planned to use the records relied on by Ophthalmology Group in its summary judgment motion. (See Pl.'s Fed. R. Civ. P. 26(a) Initial Disclosures [DN 75-1].) The Court agrees with Ophthalmology Group that if the evidence relied upon in fact bore such taint, Dr. Bowers should not have disclosed that evidence in her initial disclosures. (See Ophthalmology Grp., LLC's Reply in Supp. of Mot. for Summ. J. [DN 75] 1.) The Court's decision is simply not based on any information concerning Dr. Bowers's attempt to establish an additional practice in Louisville or Ophthalmology Group's potential expulsion of a male partner. Instead, it is based on the fact that the relevant indicia of being an "employee" are not present in this case.

Moreover, the Court is convinced that further discovery is not necessary in this case. Dr. Bowers seems to argue that additional discovery is necessary for both parties in order to cure the tainted evidence in the record. But as for Dr. Bowers, the issue is her employment status, and it is clear that she has had ample opportunity for discovery on employment status issues both in the bankruptcy court and in the state court action. As noted in the Court's previous Memorandum Opinion and Order, evidence to support Dr. Bowers's claim that she was an "employee," rather than a partner, is not exclusively within Ophthalmology Group's control. (Mem. Op. & Order [DN 41] 5.) Further, as for Ophthalmology Group, while Dr. Bowers criticizes it for filing its motion before a "single piece of new discovery ha[s] changed hands," it is unclear why such changing of hands is necessary under the facts of this case. Indeed, when this evidence changes hands, Dr. Bowers would only disclose to Ophthalmology Group evidence that it already has in

4

its possession—and it would file an identical summary judgment motion after such disclosure. Dr. Bowers is essentially asking the Court to require the parties to incur additional expenses so that Ophthalmology Group can discover facts it already has in its possession. This is unwarranted. At the end of the day, the undisputed evidence shows that Dr. Bowers was, in fact, a partner of Ophthalmology Group, not an "employee" afforded protection under Title VII. Dr. Bowers enjoyed partnership status through a partnership agreement, engaged in decision-making with her partners, and was compensated according to a partnership formula. This evidence is undisputed and is not tainted. No amount of additional discovery will change these facts.

Moreover, the Court finds that it will decline to exercise supplemental jurisdiction over—and dismiss without prejudice—Dr. Bowers's remaining state-law claims against Ophthalmology Group, as well as Ophthalmology Group's state-law counterclaims against Dr. Bowers for breach of fiduciary duties and unjust enrichment/disgorgement of profits. (See Ans. to 2d Am. Compl. & Countercl. [DN 61].) "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Ward v. Dickens, 2012 WL 1038184, at *4 (W.D. Ky. Mar. 27, 2012) ("Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law counterclaims."). Based on the reasons set forth in this Court's prior Memorandum Opinion and Order [DN 41], the Court finds that since the remaining claims and counterclaims are based on state law, there is a pending state suit in the McCracken Circuit Court, and this case is still in its infancy, the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. The parties' state claims and counterclaims will be dismissed without prejudice. Ophthalmology Group's motion [DN 62] is **GRANTED** in this respect.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Ophthalmology Group's Summary Judgment Motion [DN 62] is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 27, 2014

cc: counsel of record